I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 7/15/2011

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUL 15 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY DONELL JONES, | Case No. EDCV 11-1078-SVW (RNB) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| MATTHEW CATE, Secretary, et al., | |
| Respondents. | |

Petitioner, a California state prisoner currently incarcerated at Chuckawalla Valley State Prison in Blythe, filed a pro per Petition for Writ of Habeas Corpus by a Person in State Custody on July 5, 2011 in Case No. EDCV 11-1035-SVW (RNB) (hereinafter the "1035 Action"). The Petition in the 1035 Action purported to be directed to a 2009 conviction sustained in Riverside County Superior Court Case No. SWF027012, and purported to allege the following grounds for relief:

    1.    Petitioner's federal due process rights were violated when the trial court instructed the jury during deliberations that it could consider prior acts of physical abuse to reach a verdict on the child abuse charge.

    2.    Petitioner received ineffective assistance of trial counsel in violation of the Sixth Amendment when his trial counsel failed to file a

1

motion to dismiss the child abuse charge.

On July 11, 2011, petitioner filed a second pro per Petition for Writ of Habeas Corpus by a Person in State Custody in the instant action (i.e., Case No. EDCV 11-1078-SVW (RNB)). The Petition in the instant action also purports to be directed to the 2009 conviction sustained in Riverside County Superior Court Case No. SWF027012, and purports to allege the following grounds for relief:

    1. The trial court erred in instructing the jury that the malice element of the animal cruelty charge included a wish to vex, annoy, or injure another person.

    2. Petitioner received ineffective assistance of trial counsel in violation of the Sixth Amendment when his trial counsel (a) failed to file a motion to dismiss the child abuse charge, (b) failed to spend the necessary time investigating the facts and developing an intelligent defense, and (c) failing to object to prosecutorial misconduct when the prosecutor misstated the evidence regarding how the dog got into the house in closing.

Thus, petitioner currently has two separate habeas petitions directed to the same judgment of conviction pending in this Court under two different case numbers. Moreover, one of the ineffective assistance of counsel claims alleged in the Petition in the instant action appears duplicative of the ineffective assistance of counsel claim alleged in the Petition in the 1035 Action. Petitioner should have alleged all of his claims directed to the 2009 judgment of conviction sustained in Riverside County Superior Court Case No. SWF027012 in a single federal habeas petition.

Accordingly, on or before **August 12, 2011**, petitioner is ordered to either file a notice of voluntary dismissal of the instant action or show good cause in writing why the instant action should not be administratively closed in order to avoid the

unnecessary expenditure of duplicative resources. The voluntary dismissal or administrative closure of the instant action would be without prejudice to petitioner filing a First Amended Petition in the 1035 Action that combines both his claims directed to his conviction of the child abuse charge and his claims directed to his conviction of the animal cruelty charge, just as his counsel did on direct appeal to the California Court of Appeal and in petitioner's ensuing Petition for Review.

DATED: July 14, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE